## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SARAH MELTON,                          )
                                       )
        Plaintiff,                 )
                                       )
vs.                                    )    Case No. CIV-20-608-G
                                       )
STATE OF OKLAHOMA *ex rel.*            )
THE UNIVERSITY OF OKLAHOMA,            )
DAVID ANNIS,                           )
TRENT BROWN,                           )
DAVID SURRATT,                         )
KENNETH D. ROWE, and                   )
JAMES GALLOGLY,                        )
                                       )
        Defendants.                )

## ANSWER OF JAMES GALLOGLY

Defendant, James Gallogly ("Gallogly") hereby submits the following Answer to Plaintiff's Complaint. Gallogly denies generally and specifically each and every material allegation contained in Plaintiff's Complaint, except such allegations hereinafter specifically admitted.

## THE PARTIES

1.    Gallogly admits the Plaintiff was enrolled as a freshman student at the University of Oklahoma in 2018. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 1 of the Plaintiff's Complaint; accordingly, those allegations are denied.

2.    The State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma (the "University") is a constitutionally-created entity of the State of Oklahoma.

1

At all times relevant to Plaintiff's Complaint, the University operated and maintained the residential dormitory where Plaintiff resided while enrolled at the University. The remaining allegations of paragraph 2 of Plaintiff's Complaint are denied.

3.      Gallogly admits that at the relevant time Defendant Davis Annis was the University associate vice president and director of food and housing services. Gallogly does not have sufficient information to admit or deny the remaining allegations in paragraph 3 of Plaintiff's Complaint; accordingly, those allegations are denied.

4.      Gallogly admits that Trent Brown is the University environmental health and safety officer. Gallogly does not have sufficient information to admit or deny the remaining allegations in paragraph 4 of Plaintiff's Complaint; accordingly, those allegations are denied.

5.      Gallogly admits that he is the former President of the University. Gallogly resides in the State of Texas, and denies that he currently resides in Colorado Springs, Colorado.

6.      Gallogly admits David Surratt is the Vice President of Student Affairs for the University, to the best of his knowledge. Gallogly does not have sufficient information to admit or deny the remaining allegations in paragraph 6 of Plaintiff's Complaint; accordingly, those allegations are denied.

7.      Gallogly admits that Kenneth Rowe is the University Senior Vice President and Chief Financial Officer. Gallogly does not have sufficient information to admit or deny the remaining allegations in paragraph 7 of Plaintiff's Complaint; accordingly, those allegations are denied.

8.     Paragraph 8 of the Complaint does not contain factual allegations. Accordingly, no response is required. To the extent a response is required, Gallogly admits that Plaintiff's Complaint attempts to assert claims against defendants Gallogly, David Annis, Trent Brown, David Surratt, and Kenneth Rowe (collectively, the "Individual Defendants") in their individual capacities. The claims asserted in the Complaint against the Individual Defendants in their official capacities were dismissed pursuant to this Court's March 31, 2021 Order [Doc. No. 36] (hereinafter the "Dismissal Order").

## SUBJECT MATTER JURISDICTION

9.     Paragraph 9 of the Complaint contains legal conclusions. To the extent a response is required, Gallogly states as follows:

a.     Gallogly denies the allegations in subparagraph (a) of paragraph 9 of Plaintiff's Complaint, and denies that this Court has subject matter jurisdiction based on diversity of citizenship.

b.     Gallogly denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's claims brought pursuant to the Fair Housing Act of 1968 have been dismissed pursuant to this Court's Dismissal Order. Accordingly, there is no federal question at issue in this suit.

c.     Gallogly denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Following the Court's Dismissal Order, the only remaining claims at issue are Plaintiff's claims against the Individual Defendants in their individual capacities under a theory of public nuisance under Oklahoma law. Accordingly, this is not an

"action[] to secure civil rights extended by the United States Government" as alleged in the Complaint.

**VENUE**

10.     Gallogly admits that venue is proper in this judicial district.

11.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint; accordingly, those allegations are denied.

**SUMMARY OF THE CASE**

12.     To the extent the allegations in paragraph 12 of Plaintiff's Complaint are directed to Gallogly, Gallogly denies there was an "intentional and egregious failure to remediate a known and dangerous condition" in the Walker tower dormitory building on the University Campus (Walker tower is referred to hereinafter and in Plaintiff's Complaint as the "Dormitory"). Defendant further denies the remaining allegations in paragraph 12 of Plaintiff's Complaint to the extent they are directed to him. To the extent the allegations in paragraph 12 of Plaintiff's Complaint are directed to other defendants or to former defendant the University, no response is required of Gallogly.

13.     To the extent the allegations in paragraph 13 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 13 of Plaintiff's Complaint are directed to other defendants or to former defendant the University, no response is required of Gallogly.

## STATEMENT OF FACTS

14.   Gallogly admits that, at the relevant time, the University had a policy requiring freshman students to reside on campus, subject to certain exceptions and exemptions. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 14 of Plaintiff's Complaint; accordingly, those allegations are denied.

15.   Gallogly denies that Plaintiff was required to sign a Housing & Food Services Contract as a condition of her enrollment at the University. Gallogly further denies that Exhibit 3 to the Complaint is a contract executed by Plaintiff. The document attached as Exhibit 3 to the Complaint speaks for itself. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 15 of Plaintiff's Complaint; accordingly, those allegations are denied.

16.   To the extent the allegations in paragraph 16 of Plaintiff's Complaint are directed to Gallogly, they are denied. Gallogly further denies that there was a "dangerous condition" existing in the Dormitory about which Gallogly owed any duty to disclose to incoming freshman or Dormitory occupants. To the extent the allegations in paragraph 16 of Plaintiff's Complaint are directed to other defendants or to former defendant the University, no response is required of Gallogly.

17.   Gallogly is without sufficient information to admit or deny the allegations in paragraph 17 of Plaintiff's Complaint; accordingly, those allegations are denied.

18.   Gallogly is without sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint; accordingly, those allegations are denied.

19.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint; accordingly, those allegations are denied.

20.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint; accordingly, those allegations are denied.

21.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint; accordingly, those allegations are denied.

22.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint; accordingly, those allegations are denied.

23.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint; accordingly, those allegations are denied.

24.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint; accordingly, those allegations are denied.

25.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint; accordingly, those allegations are denied.

26.     Gallogly admits that Plaintiff formally withdrew her enrollment from the University. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 26 of Plaintiff's Complaint; accordingly, those allegations are denied.

27.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 27 of Plaintiff's Complaint; accordingly, those allegations are denied.

28.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 28 of Plaintiff's Complaint; accordingly, those allegations are denied.

29.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 29 of Plaintiff's Complaint; accordingly, those allegations are denied.

30.     Gallogly admits generally that some testing of some kind was performed, and states that the results of any testing speak for themselves. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 30 of the Complaint; accordingly, those allegations are denied.

31.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 31 of the Complaint; accordingly, those allegations are denied.

32.     The allegations in paragraph 32 of the Complaint are directed to another defendant and no response is required of Gallogly. To the extent a response is required, Gallogly is without sufficient information to admit or deny the allegations in paragraph 32 of the Complaint; accordingly, those allegations are denied.

33.     The allegations in paragraph 33 of the Complaint are directed to another defendant and no response is required of Gallogly. To the extent a response is required, Gallogly is without sufficient information to admit or deny the allegations in paragraph 33 of the Complaint; accordingly, those allegations are denied.

34.     Gallogly denies the allegations in paragraph 34 of the Complaint.

35.     The allegations in paragraph 35 of the Complaint are directed to another defendant and no response is required of Gallogly. To the extent a response is required, Gallogly is without sufficient information to admit or deny the allegations in paragraph 35 of the Complaint; accordingly, those allegations are denied.

36.     The allegations in paragraph 36 of the Complaint are directed to another defendant and no response is required of Gallogly. To the extent a response is required, Gallogly is without sufficient information to admit or deny the allegations in paragraph 36 of the Complaint; accordingly, those allegations are denied.

37.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint; accordingly, those allegations are denied.

38.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 38 of Plaintiff's Complaint; accordingly, those allegations are denied.

39.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 39 of Plaintiff's Complaint; accordingly, those allegations are denied.

40.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 40 of Plaintiff's Complaint; accordingly, those allegations are denied.

41.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 41 of Plaintiff's Complaint; accordingly, those allegations are denied.

42.     Gallogly denies there were toxic conditions or dangerous health threats in the Dormitory, and therefor denies he had reason to "disclose to incoming freshman or other Dormitory occupants information about" such alleged health threats. Gallogly denies that he intentionally misled Plaintiff, her family, or any other parents and students at any time. To the extent the allegations in paragraph 42 of the Complaint are directed to other defendants or to former defendant the University, no response is required of Gallogly. Gallogly lacks sufficient information to admit or deny the allegations in the remainder of Paragraph 42 of the Complaint; accordingly, those allegations are denied.

43.     To the extent the allegations in paragraph 43 of Plaintiff's Complaint are directed to Gallogly, Gallogly denies that he suppressed any alleged "toxic mold infestation" at the University.

a.     Gallogly admits generally the University had policies emphasizing student safety as a priority. Gallogly is without sufficient information to admit or deny the remaining allegations in subparagraph (a) of paragraph 43 of the Complaint.

b.     Gallogly is without sufficient information to admit or deny the allegations in subparagraph (b) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

c.     Gallogly is without sufficient information to admit or deny the allegations in subparagraph (c) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

d.     Gallogly is without sufficient information to admit or deny the allegations in subparagraph (d) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

e.     Gallogly is without sufficient information to admit or deny the allegations in subparagraph (e) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

f.     Gallogly is without sufficient information to admit or deny the allegations in subparagraph (f) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

g.      Gallogly is without sufficient information to admit or deny the allegations in subparagraph (g) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

h.      To the extent the allegations in subparagraph (h) of paragraph 43 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in subparagraph (h) of paragraph 43 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

i.      To the extent the allegations in subparagraph (i) of paragraph 43 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in subparagraph (i) of paragraph 43 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

j.      There is no subparagraph (j) to paragraph 43 of the Complaint.

k.      Gallogly admits generally that testing of some kind was performed. Gallogly states that the results of any testing speak for themselves, and Gallogly is without sufficient information to admit or deny the remaining allegations in subparagraph (k) of paragraph 43 of the Complaint; accordingly, the same are denied.

l.      Gallogly admits that Plaintiff formally withdrew her enrollment from the University. Gallogly is without sufficient information to admit or deny the remaining allegations in subparagraph (l) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

m.      The allegations in subparagraph (m) of paragraph 43 of Plaintiff's Complaint are directed to former defendant the University, accordingly, no response is

10

required of Gallogly. To the extent a response is required of Gallogly, Gallogly denies that he made statements that were deceiving or false at any relevant time, and Gallogly is without sufficient information to admit or deny the remaining allegations in subparagraph (m) of paragraph 43 of the Complaint; accordingly, the same are denied.

n.   Gallogly is without sufficient information to admit or deny the allegations in subparagraph (n) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

o.   The allegations in subparagraph (o) of paragraph 43 of Plaintiff's Complaint are directed to former defendant the University, accordingly, no response is required of Gallogly. To the extent a response is required of Gallogly, Gallogly is without sufficient information to admit or deny the allegations in subparagraph (o) of paragraph 43 of the Complaint; accordingly, the same are denied.

p.   Gallogly is without sufficient information to admit or deny the allegations in subparagraph (p) of paragraph 43 of Plaintiff's Complaint; accordingly, those allegations are denied.

46.   To the extent the allegations in paragraph 46 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 46 are directed to other defendants or to former defendant the University, no response is required of Gallogly.[1]

---

[1] Plaintiff's Complaint contains two paragraphs numbered "46." The first is out of sequential order.

44.     Gallogly denies that Plaintiff was exposed to toxic mold in the Dormitory. Gallogly is without sufficient information to admit or deny the allegations in paragraph 44 of Plaintiff's Complaint; accordingly, those allegations are denied.

45.     Gallogly denies that Plaintiff was exposed to toxic mold in the Dormitory. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 45 of Plaintiff's Complaint; accordingly, those allegations are denied.

46.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 46 of Plaintiff's Complaint; accordingly, those allegations are denied.

47.     Gallogly denies that Plaintiff was exposed to toxic mold in the Dormitory. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 47 of Plaintiff's Complaint; accordingly, those allegations are denied.

48.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 48 of Plaintiff's Complaint; accordingly, those allegations are denied.

49.     Gallogly denies Plaintiff suffered injuries as a result of any "mycotoxin exposure while residing in the Dormitory." Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 49 of Plaintiff's Complaint; accordingly, those allegations are denied.

50.     Gallogly is without sufficient information to admit or deny the allegations in paragraph 50 of Plaintiff's Complaint; accordingly, those allegations are denied.

51.     Gallogly denies that Plaintiff has suffered "adverse results and symptoms" as a result of any conduct on the part of Gallogly. To the extent the allegations in paragraph 51 are directed to other defendants or to former defendant the University, no response is

required of Gallogly. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 51 of Plaintiff's Complaint; accordingly, those allegations are denied.

52.     Gallogly denies Plaintiff suffered adverse health conditions as a result of exposure to toxic mold in the Dormitory. To the extent the remaining allegations in paragraph 52 of Plaintiff's Complaint are directed to Gallogly, those allegations are denied. To the extent the allegations in paragraph 52 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

## FIRST CLAIM FOR RELIEF[2]

53.     Paragraph 53 of Plaintiff's Complaint contains no factual allegations, and no response is required.

54.     To the extent the allegations in paragraph 54 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 54 are directed to other defendants or former defendant the University, no response is required of Gallogly.

55.     To the extent the allegations in paragraph 55 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 55 are

---

[2] The allegations in paragraph 53-70 of Plaintiff's Complaint (Plaintiff's First through Fourth Claims for Relief) pertain to claims that were dismissed by the Court pursuant to its Dismissal Order. Gallogly responds to the factual allegations in such paragraphs only to the extent they are incorporated by reference pursuant to paragraph 71 of Plaintiff's Complaint and intended to be relied upon by Plaintiff in support of her claim for public nuisance against Gallogly individually.

13

directed to other defendants or former defendant the University, no response is required of Gallogly.

## SECOND CLAIM FOR RELIEF

56.     Paragraph 56 of Plaintiff's Complaint contains no factual allegations, and no response is required.

57.     Gallogly admits that, at the relevant time, the University had a policy requiring freshman students to reside on campus, subject to certain exemptions and exceptions. Gallogly denies any failure to disclose alleged known dangers, suppression of information, or failure to take proper action. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 57 of Plaintiff's Complaint; accordingly, to the extent they are directed to Gallogly, they are denied. To the extent the remaining allegations in paragraph 57 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

58.     To the extent the allegations in paragraph 58 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 58 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

59.     To the extent the allegations in paragraph 59 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 59 are directed to other defendants, no response is required of Gallogly.

14

## THIRD CLAIM FOR RELIEF

60.     Paragraph 60 of Plaintiff's Complaint contains no factual allegations, and no response is required.

61.     Paragraph 61 of Plaintiff's Complaint contains no factual allegations, and no response is required. Further, Gallogly notes that Plaintiff's claims for relief brought pursuant to the Fair Housing Act were dismissed pursuant to the Court's Dismissal Order.

62.     Plaintiff's allegation with respect to her status pursuant to 42 U.S.C.A. § 3602 is a legal conclusion to which no response is required. To the extent a response is required, Gallogly denies that allegation and further denies the remaining allegations in paragraph 62 of the Complaint.

63.     Gallogly denies that Plaintiff's Dormitory was unsafe or uninhabitable and further denies that he caused or contributed to any of Plaintiff's alleged injuries. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 63 of Plaintiff's Complaint; accordingly, those allegations are denied.

64.     To the extent the allegations in paragraph 64 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 64 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

65.     To the extent the allegations in paragraph 65 of Plaintiff's Complaint are directed to Gallogly, they are denied. Specifically, Gallogly denies that he engaged in any acts or omissions that caused Plaintiff to withdraw from the University or incur damages

or injuries. To the extent the allegations in paragraph 65 are directed to other defendants or former defendant the University, no response is required of Gallogly.

66.     Paragraph 66 of Plaintiff's Complaint is directed to former defendant the University and contains legal conclusions to which no response is required. To the extent a response is required, Gallogly denies the allegations in paragraph 66 and further notes that Plaintiff's claims for relief brought pursuant to the Fair Housing Act were dismissed pursuant to the Court's Dismissal Order.

## FOURTH CLAIM FOR RELIEF

67.     Paragraph 67 of Plaintiff's Complaint contains no factual allegations, and no response is required.

68.     To the extent the allegations in paragraph 68 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 68 are directed to other defendants, no response is required of Gallogly.

69.     Gallogly denies that the conditions in the Dormitory were uninhabitable or caused Plaintiff's alleged injuries. Gallogly is without sufficient information to admit or deny the remaining allegations in paragraph 69 of Plaintiff's Complaint; accordingly, those allegations are denied.

70.     Gallogly denies the allegations in in paragraph 70 of Plaintiff's Complaint. Gallogly specifically denies that he caused or contributed to any of Plaintiff's alleged damages or injuries.

## FIFTH CLAIM FOR RELIEF

71.    Paragraph 71 of Plaintiff's Complaint contains no factual allegations, and no response is required.

72.    To the extent the allegations in paragraph 72 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 72 are directed to other defendants or former defendant the University, no response is required of Gallogly.

73.    To the extent the allegations in paragraph 73 of Plaintiff's Complaint are directed to Gallogly, Gallogly denies that he has created or contributed to any public nuisance affecting any "community that inhabits the Dormitory," and denies that a public nuisance was created or existed. To the extent the allegations in paragraph 73 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

74.    Gallogly denies that, at any relevant time, "toxic conditions" pervaded the Dormitory or caused a substantial health risk to student occupants of University dormitories. Gallogly further denies he created or proliferated any public nuisance, and denies that he caused Plaintiff any injury, and denies that a public nuisance was created or existed. To the extent the allegations in paragraph 74 are directed to other defendants or to former defendant the University, no response is required of Gallogly.

75.    To the extent the allegations in paragraph 75 of Plaintiff's Complaint are directed to Gallogly, Gallogly denies he created or proliferated a public nuisance, denies that he engaged in intentional or knowing conduct as alleged by Plaintiff, denies that a

public nuisance was created or existed, and denies that Plaintiff is entitled to the relief she seeks. To the extent the allegations in paragraph 75 are directed to other defendants or former defendant the University, no response is required of Gallogly.

76.    Gallogly denies he has caused Plaintiff any damages, denies Plaintiff has suffered the damages described in her Complaint, and denies Plaintiff is entitled to the relief she seeks.

77.    To the extent the allegations in paragraph 77 of Plaintiff's Complaint are directed to Gallogly, they are denied. To the extent the allegations in paragraph 77 are directed to other defendants or former defendant the University, no response is required of Gallogly.

## SIXTH – NINTH CLAIMS FOR RELIEF

Paragraphs 78 through 91 of Plaintiff's Complaint pertain to claims that have been dismissed pursuant to the Court's Dismissal Order. Accordingly, no response is required of Gallogly.  To the extent a response is required of Gallogly, Gallogly denies all remaining allegations in the Complaint, and denies that Plaintiff is entitled to the relief she seeks.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    This Court lacks subject matter jurisdiction.

3.    As a constitutional body of the State of Oklahoma, the University and its employees are entitled to and claim all of the immunities, protections, and limitations afforded by the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq*.

(the "GTCA") and otherwise by virtue of its sovereignty. Pursuant to the GTCA and the University's sovereign immunity, Plaintiff's claims against this defendant are barred and cannot be maintained by Plaintiff.

4.     At all relevant times, Gallogly was acting within the scope of his employment with the University. Accordingly, the sovereign immunity recognized and adopted in the GTCA bars Plaintiff's claim against Gallogly.

5.     Any recovery by Plaintiff is limited by the damages caps provided for in the GTCA, at § 154.

6.     Pursuant to § 154(G) of the GTCA, any liability attributed to Gallogly shall be several from any other person or entity.

7.     Plaintiff has failed to adhere to the statutory requirements of the GTCA.

8.     Plaintiff is not entitled to recover punitive damages against this defendant pursuant to the GTCA or any other federal or state law.

9.     Any damages suffered by Plaintiff are attributable to individuals or third parties for which Gallogly is not liable.

10.    There is and was no concert of action between Gallogly and any other defendant herein. Accordingly, Gallogly may not be held jointly and severally liable with any other defendant herein as to any conspiracy claims as well as to any other causes of action or allegations made by Plaintiff. However, in the alternative, if the Court finds that the defendants are joint tortfeasors, then Gallogly invokes the Oklahoma Uniform Contribution Among Tortfeasors Act, and requests that liability be apportioned amongst all defendants found to be at fault.

11.     Plaintiff's damages or injuries, if any, are the result of independent, superseding, and/or intervening causes, events, occurrences, and/or conditions.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

13.     Plaintiff lacks standing to bring all or part of her claims.

14.     Plaintiff failed to mitigate her damages, if any.

15.     Plaintiff's claims are barred by contributory or comparative negligence.

16.     Gallogly asserts all rights to contribution and seeks a reduction of responsibility for any damages that may be awarded.

17.     Gallogly is entitled to a set-off or credit for any amounts received by any Plaintiff or to be received by any Plaintiff from any person, entity or source whatsoever with respect to any recovery by Plaintiff arising out of any claims or allegations asserted against any other person or party in this or related litigation. Such would include, but not be limited to, any settlement, compromise, and/or damages paid in this litigation, related litigation, and/or as a result of any bankruptcy.

18.     Plaintiff's damages, if any, must be reduced by the amount of any payments made to Plaintiff by a collateral source.

19.     Defendant reserves the right to amend this Answer should additional defenses arise.

WHEREFORE Defendant James Gallogly respectfully requests Plaintiff take nothing by way of her Complaint, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Thomas G. Wolfe*

Thomas G. Wolfe, OBA No. 11576
Heather L. Hintz, OBA No. 14253
Hilary C. Clifton, OBA No. 32805
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N Robinson Avenue
Oklahoma City, Oklahoma  73102
tgwolfe@phillipsmurrah.com
hlhintz@phillipsmurrah.com
hhclifton@phillipsmurrah.com

AND

Heidi J. Long, OBA No. 17667
University of Oklahoma
Office of Legal Counsel
660 Parrington Oval, Rm. 213
Norman, Oklahoma  73019
(405) 325-4124
(405) 325-7681 – facsimile
hlong@ou.edu

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2021, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following:

James M Love    jlove@titushillis.com
***Attorneys for Plaintiff***

*/s/ Thomas G. Wolfe*
Thomas G. Wolfe